UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| WILLIAM A. MALONE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12-cv-1257 |
| CITY OF PEORIA, et al., | ) |
| Defendants. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendant Timothy Moore's Motion to Dismiss (Doc. 19). Plaintiff filed a Response in opposition (Doc. 23). For the reasons stated below, this Motion is granted.

### PROCEDURAL HISTORY

Plaintiff filed his Complaint on July 30, 2012, bringing multiple claims against numerous Defendants pursuant to 42 U.S.C. § 1983, alleging these Defendants violated his constitutional rights. (Doc. 1). Upon screening this Complaint pursuant to 28 U.S.C. § 1915A, the Court determined that Plaintiff was improperly attempting to bring unrelated claims against multiple Defendants, and gave Plaintiff one opportunity to amend his complaint to correct this problem. (Doc. 8). Plaintiff filed an Amended Complaint (Doc. 13), but it again sought to bring unrelated claims against multiple Defendants; accordingly, the Court began its merit review analysis with the first presented claim, and dismissed all unrelated claims and Defendants. (Doc. 12 at 1-2). Ultimately, the Court concluded the only claim that properly remained after this analysis was Plaintiff's Fourth Amendment

excessive force claim against Defendant Timothy Moore, based specifically on conduct during Plaintiff's arrest. (Doc. 12 at 2, 3). All other Defendants were dismissed.

Defendant Timothy Moore filed the present Motion to Dismiss on October 17, 2013. He argues Plaintiff's claim is barred by the applicable statute of limitations, and seeks dismissal of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 19 at 1).

## LEGAL STANDARD

In ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff's complaint must contain sufficient detail to give notice of the claim, and the allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, although the statute of limitations is typically an affirmative defense, if the allegations "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 383 (7th Cir. 2010). However, the defense must be "airtight," and such issues are generally more

appropriate for a motion under Rule 12(c), rather than Rule 12(b)(6). *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012).

## RELEVANT FACTUAL BACKGROUND[1]

Defendant Timothy Moore is a detective for the Peoria Police Department. On the morning of June 20, 2009, Defendant made a traffic stop of Plaintiff's vehicle in downtown Peoria, Illinois. Plaintiff was in the bed of his truck, and Defendant demanded that he get out. When Plaintiff said he could not, Defendant pulled him over the side of the truck, handcuffed him, elbowed him, and dragged him to his squad car. Plaintiff was taken to the police station, where Defendant and another detective, not named in the pleadings, "grabbed, pushed, knocked to the floor, yelled at, and intimidated" Plaintiff for several hours. After this, Plaintiff was brought to the Peoria County Jail. There are no other allegations relating to Defendant Timothy Moore or the excessive force claim against him in the Amended Complaint.

## DISCUSSION

The statute of limitations applicable to claims under 42 U.S.C. § 1983 brought in federal court in Illinois is two years. *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). This limitations period is borrowed from the state statute of limitations for personal injury actions. *Id.* The state's tolling provisions also apply when determining the timeliness of a § 1983 claim. *See Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001).

---

[1] The Court draws the facts in this section from Plaintiff's Amended Complaint (Doc. 13), treating his allegations as true and drawing all reasonable inferences in his favor, in accordance with the motion to dismiss standard described above.

As a preliminary matter, in the interest of efficiency and judicial economy, because the legal standards for a motion under Rule 12(c) is the same as one under 12(b)(6), *see United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991), the Court treats the Motion to Dismiss as though it were a Rule 12(c) motion for judgment on the pleadings, rather than require Defendant to file an answer and a subsequent Rule 12(c) motion that would contain identical arguments.

The conduct that forms the basis of Plaintiff's only remaining claim occurred on July 20, 2009, when Plaintiff alleges Defendant Moore stopped his vehicle, forcefully dragged him out of his truck and into the police car, and took him to the police station. The claim is limited to the alleged Fourth Amendment violation during Plaintiff's arrest on that day. There are no other allegations related to this claim after July 20, 2009. Plaintiff's initial Complaint was filed on July 30, 2012, more than three years after the conduct took place. This is clearly beyond the two-year limitations period.

In Plaintiff's Response, he raises no issues of tolling. However, in the Amended Complaint, Plaintiff alleges that he filed numerous grievances, and that he still has not received responses. The time during which a prisoner completes an administrative grievance process ordinarily tolls the statute of limitations period under Illinois law, because the PLRA prohibition of prison condition suits prior to exhaustion operates as a statutory prohibition under the applicable tolling statute, 735 Ill. Comp. Stat. 5/13-216. *Johnson*, 272 F.3d at 521-22. However, even taking Plaintiff's allegations as true, the Court finds this general rule does not apply to Plaintiff's grievances about a Fourth Amendment violation during his arrest. The

Prison Litigation Reform Act (PLRA) requires only that prisoners exhaust administrative remedies available before bringing § 1983 claims "with respect to prison conditions." 42 U.S.C. § 1997e(a). Plaintiff's claim does not come within this category, as it is based on conduct during his arrest, before he was incarcerated, and is not about prison conditions. *Cf. Porter v. Nussle*, 534 U.S. 516, 529, 532 (2002) (holding "the PLRA's exhaustion requirement applies to all inmate suits about prison life" and finding it plausible that "Congress inserted 'prison conditions' into the exhaustion provision simply to make it clear that preincarceration claims fall outside § 1997e(a), for example, . . . a § 1983 claim against [an inmate's] arresting officer."). Because exhaustion was not required, there is no basis for tolling the limitations period while he pursued alternative administrative procedures to obtain a remedy. *See Taylor v. Chi. Police Dep't*, No. 07-CV-5097, 2008 WL 2477694, at *3 (N.D. Ill. June 18, 2008), *aff'd sub nom. Taylor v. City of Chi.*, 334 F. App'x 760 (7th Cir. 2009). Accordingly, the only plausible basis for tolling the statute of limitations alleged in the Amended Complaint does not apply, and Plaintiff has not raised any other basis for equitable tolling in his Response to the Motion to Dismiss.

The only argument Plaintiff raised in his Response against the statute of limitations defense is plainly without merit. Plaintiff argues that because there are exceptions to the two-year limitations period in Illinois for claims of damages that result from certain felonies if the perpetrator was convicted, and because Plaintiff was convicted of felonies in those classes, he had a longer period to file his claim. (Doc. 23 at 1-2). Even if this exception for felonious conduct applied to § 1983 actions, which is not clear given that the general personal injury limitations period

5

for a state applies rather than any more specific limitations period, *see Owens v. Okure*, 488 U.S. 235, 249-50 (1989), Plaintiff misunderstands the statute. The alleged perpetrator, Defendant Moore, would have to be the person convicted of a felony for the conduct; Plaintiff's felony convictions are irrelevant.

Thus, taking Plaintiff's allegations as true, it is clear from the pleadings that Plaintiff's claim is time-barred and must be dismissed. This dismissal is without prejudice, as Plaintiff may plead allegations that would allow a finding of equitable tolling or equitable estoppel. *See, e.g.*, *McLaughlin v. Cook Cnty. Dep't of Corr.*, 993 F. Supp. 661, 664 (N.D. Ill. 1998). If Plaintiff feels he has a basis for equitable tolling of the time to file his Complaint, he must file an amended complaint within twenty-one days of the date of this Order including such allegations. Otherwise, this case will be terminated.

## Conclusion

IT IS THEREFORE ORDERED that Defendant Timothy Moore's Motion to Dismiss (Doc. 19) is GRANTED. Plaintiff's Amended Complaint (Doc. 13) is DISMISSED WITHOUT PREJUDICE. Plaintiff MAY file an amended complaint within twenty-one days of the date of this Order if he has grounds for equitable tolling. If he fails to do so, the case will be terminated.

Entered this <u>19th</u> day of March, 2014.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge