E-FILED
Monday, 18 August, 2014 01:22:03 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| WILLIAM A. MALONE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 12-cv-1257 |
| CITY OF PEORIA, et al., | ) ) | |
| Defendants. | ) | |

## **O R D E R  &  O P I N I O N**

This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 27). Defendant Timothy Moore has filed a Response in Opposition (Doc. 28). As explained below, this Motion is denied.

Plaintiff filed his Complaint on July 30, 2012, bringing multiple claims against numerous Defendants pursuant to 42 U.S.C. § 1983, alleging these Defendants violated his constitutional rights. (Doc. 1). After the merit review of Plaintiff's Amended Complaint (Doc. 13), the Court concluded the only claim that properly remained in the case was Plaintiff's Fourth Amendment excessive force claim against Defendant Timothy Moore, based specifically on conduct during Plaintiff's arrest. (Doc. 12 at 2, 3). All other Defendants were dismissed. Subsequently, Defendant Moore filed a motion to dismiss, arguing Plaintiff's claim was untimely under the applicable statute of limitations. (Doc. 19). This motion was granted, and Plaintiff was afforded an opportunity to file an amended pleading if he had grounds for equitable tolling. (Doc. 24 at 6). Despite multiple warnings of the consequences, Plaintiff failed to file an amended pleading, and his case was

dismissed. (Text Order, June 17, 2014). Judgment was entered the same day. (Doc. 26). On July 29, 2014, more than twenty-eight days later, Plaintiff filed the present Motion, which the Court construes as a motion for reconsideration rather than a notice of appeal because in the prayer for relief Plaintiff asks that "This Court will reverse its decision to dismiss this case and set this matter for pre-trial proceedings and additional adjudications," and the motion reflects that Plaintiff considers his filing to be a response to the order to dismiss, intentionally before the same court. (Doc. 27 at 1, 3).

Under Federal Rule of Civil Procedure 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). As Plaintiff's Motion was filed more than twenty-eight days after judgment was entered, his Motion for Reconsideration must be considered under the more stringent standard of Rule 60(b). Under Rule 60(b), a party may seek relief from a final judgment or order for any one of the listed reasons. Fed. R. Civ. P. 60(b). The Court does not find any of the specific grounds in 60(b)(1)–(5) to apply, and so analyzes Petitioner's Motion as seeking redress under the catch-all provision, for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A movant seeking relief under that provision must show "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *see also McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) ("Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." (internal quotation marks omitted)).

Plaintiff, in his Motion, has not set forth any grounds that would justify relief from the judgment. He does not explain why he failed to file an amended pleading

2

after he was given the opportunity to do so, including two extensions of time. He also does not point to any grounds for equitable tolling of the statute of limitations, or any reason the Court dismissed his case improperly. There is no basis to provide relief from the judgment dismissing Plaintiff's case. Accordingly, Plaintiff's Motion for Reconsideration (Doc. 27) is DENIED. IT IS SO ORDERED.

Entered this 18th day of August, 2014.

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                        United States Senior District Judge